JKM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, | CR 07-0388-PHX-DGC |
| Plaintiff, | Maricopa County Superior Court No. CR 2007-117854-001 DT |
| vs. | |
| | **ORDER** |
| Miguel Mansanares, | |
| Defendant. | |

On April 4, 2007, Miguel Mansanares filed a *pro se* Petition for Removal of a criminal case pending against him in the Maricopa County Superior Court, No. CR2007-117854-001 DT. On March 20, 2007, Mansanares was charged by criminal complaint with one count of possession or use of dangerous drugs in violation of A.R.S. §§ 13-3401, 13-3407, 13418, 13-701, 13-702, 13-702.01 and 13-801, and one count of possession of drug paraphernalia in violation of in violation of A.R.S. §§ 13-3401, 13-3407, 13418, 13-701, 13-702, 13-702.01 and 13-801. Mansanares seeks to remove this action under 28 U.S.C. §§ 1441(a) and (b), and 1443(1) and (2). The Court will remand this matter to the state court.

The Court has a duty to examine a notice of removal and accompanying exhibits promptly after the notice is filed. 28 U.S.C. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Id. Because none of the provisions cited by Mansanares authorize the removal of this action, the matter will be remanded to the state court.

1    Subsections 1441(a) and (b) of Title 28 do not authorize the removal of this criminal
2 action because those provisions explicitly apply only to "civil actions."
3    Subsection 1443(2) of Title 28 authorizes the removal of criminal prosecutions, but
4 only when the defendant is being prosecuted "[f]or an act under of color of authority derived
5 from any law providing for equal rights, or for refusing to do any act on the ground that it
6 would be inconsistent with such law." The Supreme Court has held that § 1443(2) "confers
7 a privilege of removal only upon federal officers or agents and those authorized to act with
8 or for them in affirmatively executing duties under any federal law providing for equal civil
9 rights." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1966). Because
10 Mansanares does not allege that he is being prosecuted as a federal officer or a person
11 assisting a federal officer, § 1443(2) does not authorize removal of this action.
12    Subsection 1443(1) also authorizes the removal of state "criminal prosecutions," but
13 Mansanares has not satisfied the specific requirements for removal under this provision.

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Patel v. Del Taco, Inc, 446 F.3d 996, 998-99 (9th Cir. 2006). Here, Mansanares alleges that his state is prosecuting him in violation of his right against racial discrimination under 42 U.S.C. § 1981 and 42 U.S.C. §§ 1985(2) and (3). Assuming, without deciding, that those allegations meet the first part of the § 1443(1) removal test, Mansanares has not met the second part of the test because he does not identify any formal expression of state law that prohibits him from enforcing his civil rights in the state court. Accordingly, Mansanares has not identified any cognizable basis for removal and this action must be remanded to the state court.

1    **IT IS ORDERED** that the Petition for Removal is summarily **denied** for lack of
2 removal jurisdiction and the state criminal action is **remanded** to the Maricopa County
3 Superior Court. The Clerk of this Court must terminate the case opened in the United States
4 District Court.

5    **IT IS FURTHER ORDERED** that the Clerk of Court must mail a certified copy of
6 this Order to the Clerk of the Maricopa County Superior Court. 28 U.S.C. § 1447©).

7    DATED this 15th day of June, 2007.

_____
David G. Campbell
United States District Judge